# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JERRY V. BOLIN,**

    **Plaintiff,**

**v.**                                     **CIVIL ACTION NO. 2:09cv145**
                                                     **(Judge Maxwell)**

**JIM RUBENSTEIN, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On December 31, 2009, plaintiff, who is a state prisoner, filed a complaint pursuant to 42 U.S.C. §1983. On January 12, 2010, an order was entered granting the plaintiff's Application to Proceed Without Prepayment of Costs. On February 3, 2010, the plaintiff paid his required initial filing fee. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e)

### I. THE COMPLAINT

The plaintiff, who is currently incarcerated at the St. Marys Correction Center has filed this complaint complaining that he has been denied parole six times. The plaintiff alleges that he has been a model prisoner and met or surpassed the criteria to be paroled. In addition, he alleges that he has worked hard for the last ten years through classes and counseling. The plaintiff complains that the parole board members that have heard his case at the last three or four hearings have made disrespectful, demeaning , arbitrary and capricious statements against him. He also alleges that he has seen the same parole board members at re-interview hearings, who denied him parole at the initial hearings. The plaintiff alleges that this is a conflict of interest. For relief, the plaintiff wants "the court to let me file this suit to sue everyone thats [sic] been mentioned in this petition for pain and suffering and cruel and

unusual punishment as well as discrimination due to my charges. (Doc. 1, p. 4).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's request for damages against the defendant has no chance for success. Therefore, the undersigned recommends that this case be dismissed.

## III. ANALYSIS

Although the plaintiff has utilized catch phrases such as due process and civil rights in his complaint as it relates to the actions of the parole board members, it is clear that he is, in fact, challenging the actual denial of parole. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). However, in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a prisoner may not challenge the reliability and legality of his confinement under § 1983:

2

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

In this case, it is clear that the substance of the plaintiff's complaint challenges the denial of parole. However, the parole board's decision has not been invalidated. Therefore, the plaintiff's claims are not cognizable under § 1983, and this court should dismiss the plaintiff's complaint against the parole board for failure to state a claim upon which relief can be granted. Vaught v. Sampson, 2008 WL 927776 (E.D. Mich., 1008); Poole v. Pa. Board of Probation and Parole, 2005 WL 2662387 (3rd Cir. 2005).

In addition to members of the parole board, the plaintiff has also named Jim Rubenstein as a defendant. In his complaint, the plaintiff states only that Mr. Rubenstein "received the letter concerning my parole hearing and the way I have been treated." Mr. Rubenstein is the Commissioner of the Division of Corrections and has no personal involvement in parole decisions. Moreover, any correspondence that Mr. Rubenstein received from the parole board were in his official capacity. The United States Supreme Court has held that state officials sued in their official capacities do not constitute "persons" within the language of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58 (1989). The Court considered a suit against a state official in his or her official capacity the equivalent of a suit against the state itself. The undersigned recognizes that official capacity suits do not encompass every suit involving acts performed during the course of a state actor's employment. Therefore, courts must analyze whether the complaint alleges that the state official "acted either outside the scope of his respective office or, if within the scope, acted in an arbitrary manner, grossly abusing the lawful powers of office." Scheuer v. Rhodes, 416 U.S. 232, 235 (1974). Here, the plaintiff makes neither claim, and therefore, he has named Mr. Rubenstein in his official capacity, and his claim must be denied.

### IV. **RECOMMENDATION**

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E..Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: February 8, 2010.

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE