# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JERRY V. BOLIN,**

    **Plaintiff,**

    **v.**                                                                          **Civil Action No. 2:09 CV 145**
                                                                                                                        **(Maxwell)**

**JIM RUBENSTEIN, et. al.,**

    **Defendants.**

## ORDER

The above-styled civil action was instituted on December 31, 2009, when *pro se* plaintiff Jerry V. Bolin filed a complaint pursuant to 42 U.S.C. § 1983. This case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.01 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. § 1915(e).

On February 9, 2010, Magistrate Judge Seibert issued a Report and Recommendation wherein he recommended that the plaintiff's Complaint be dismissed with prejudice under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted (Doc. 15). Specifically, Magistrate Judge Seibert found that the petitioner's complaint against the parole board for denial of parole should be dismissed for failure to state a claim upon which relief can be granted since a challenge of the denial of parole is not cognizable under § 1983. Additionally, Magistrate Judge Seibert found that the petitioner's claims against Mr. Rubenstein, the Commissioner of the Division of Corrections, were brought against him in his official capacity and, accordingly, had to be dismissed since state officials sued in their official capacities do not constitute "persons" within the language of 42 U.S.C. § 1983.

Magistrate Judge Seibert's Report and Recommendation provided the parties with

fourteen (14) days from the date they were served with copies of said Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report and Recommendation.

The plaintiff's Appeal of Magistrates Decision was filed on February 22, 2010, and docketed as Objections to Magistrate Judge Seibert's February 9, 2010, Report and Recommendation. See Doc. 17. Accordingly, this matter is now ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

As previously noted, on February 22, 2010, the plaintiff filed his Objections (Doc. 17) to Magistrate Judge Seibert's February 9, 2010, Report and Recommendation. In his Objections, the plaintiff appears to have misunderstood the Magistrate Judge's basis for recommending that his Complaint be dismissed. In this regard, the Court would note that it appears that the plaintiff believes the Magistrate Judge is recommending dismissal of his Complaint because he named Commissioner Rubenstein as a defendant and because he inadvertently failed to include a specific prayer for monetary relief in his Complaint. The Plaintiff is advised that the Magistrate Judge is not recommending dismissal of his

2

Complaint because he named Commissioner Rubenstein as a defendant but because he has made his claims against Commissioner Rubenstein in his official capacity. As explained by the Magistrate Judge in his Report and Recommendation, state officials sued in their official capacities do not constitute "persons" within the language of 42 U.S.C. § 1983. Additionally, the plaintiff is advised that the Magistrate Judge's recommendation that his Complaint be dismissed is in no way based on the fact that he inadvertently failed to include a specific prayer for monetary relief in his Complaint. As previously noted, the Magistrate Judge has recommend that the plaintiff's Complaint be dismissed as to Commissioner Rubenstein because state officials sued in their official capacities do not constitute "persons" within the language of 42 U.S.C. § 1983. Additionally, the Magistrate Judge has recommended that the plaintiff's Complaint be dismissed as to the parole board because a claim under 42 U.S.C. § 1983 is not the proper vehicle for challenging the denial of parole.

The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the plaintiff objected. The remaining portions of the Report And Recommendation to which the plaintiff has not objected have been reviewed for clear error. The Court finds that the issues raised by the plaintiff in his Objections were thoroughly considered by Magistrate Judge Seibert in said Report and Recommendation. The Court is of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on February 9, 2010 (Doc. 15), be, and the same is hereby, **ACCEPTED** and the Court hereby incorporates the findings of fact and conclusions

3

of law made by Magistrate Judge Seibert in said Report and Recommendation. It is further

**ORDERED** that, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the plaintiff's civil rights Complaint (Doc. 1) be, and the same is hereby, **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendants. It is further

**ORDERED** that, should the plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

**DATED**: July 30, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE